ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JUSTIN R. RHOADES (Cal. Bar No. 230463)
Assistant United States Attorney
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephones:    (213) 894-3380
     Facsimile:     (213) 894-3713
     E-mails:  justin.rhoades@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 11-935-R |
| ) | |
| Plaintiff, ) | <u>ORDER DENYING DEFENDANT WILFRED</u> |
| ) | <u>GARCIA'S MOTIONS TO SUPPRESS</u> |
| v. ) | <u>EVIDENCE DERIVED FROM WIRETAPS;</u> |
| ) | <u>OFFICIAL FINDINGS THERETO</u> |
| ARTHUR DELVALLE, et al., ) | |
|   #6) Wilfred Garcia, ) | |
| ) | |
| Defendants. ) | |

Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, and defendant Wilfred Garcia, by and through his counsel of record, Jason Gonzalez, at a hearing held before this Court on March 19, 2012, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

///

1.  The Court has read and considered defendant Wilfred Garcia's Motion to Suppress Evidence Derived From Defective Wiretap Orders That Fail To Identify Particular Evidence To Be Seized (Docket #371); Motion To Suppress Evidence Derived From Unnecessary Wiretaps (Docket #372); and Motion to Suppress Wiretap Evidence Resulting From Unlawful Delegation Of Warrant Execution To Non Law Enforcement Personnel (Docket #373, and collectively, the "Motions"), the government's consolidated opposition to the Motions, and defendant's replies thereto.

2.  On March 19, 2012, this Court held a hearing on the Motions.  Defendant appeared in person with his counsel of record, as well as those co-defendants and their respective counsel who joined in the Motions.  After hearing argument from the parties, the Court denied defendant's Motions.

3.  With respect to defendant's motion concerning the particularity of the wiretap orders, such an order "may be formulated in a manner broad enough to allow interception of any statements concerning a specified pattern of crime." United States v. Carneiro, 861 F.2d 1171, 1179 (9th Cir. 1988) (internal quotation marks omitted).  "[T]he content of the communications to be intercepted cannot be known in advance, and the authorizing order need not describe every aspect of the criminal activity expected to be revealed by the surveillance." United States v. Licavoli, 604 F.2d 613, 620 (9th Cir. 1979).  In this case, the orders authorizing interception signed by United States District Judge Stephen Wilson stated that the communications to be intercepted will provide evidence concerning the goals of the investigation.  In addition, the orders listed the offenses which

1  were under investigation and the target subjects who were
2  believed to be committing those offenses.  As a result, the
3  orders authorizing interception were sufficiently particular
4  under Ninth Circuit law.
5       4.   With respect to defendant's motion concerning the
6  necessity of the wiretap, the government must show by "a full and
7  complete statement . . that normal investigative techniques
8  employing a normal amount of resources have failed to make the
9  case within a reasonable period of time."  <u>United States v.</u>
10 <u>Ippolito</u>, 774 F.2d 1482, 1486 (9th Cir. 1985).  Good faith law
11 enforcement efforts need not "have exhausted all possible uses of
12 ordinary techniques."  <u>United States v. Spagnuolo</u>, 549 F.2d 705,
13 710 (9th Cir. 1977).  The judge reviewing a wiretap application
14 "has considerable discretion to determine whether an adequate
15 showing of necessity has been made."  <u>United States v. Martin</u>,
16 599 F.2d 880, 886-87 (9th Cir. 1979) <u>overruled on other grounds</u>,
17 <u>United States v. De Bright</u>, 730 F.2d 1255 (9th Cir. 1984).  When
18 reviewing necessity, the court should employ a "common sense
19 approach to evaluate the reasonableness of the government's good
20 faith efforts to use traditional investigative tactics or its
21 decision to forgo such tactics based on the unlikelihood of their
22 success or the probable risk of danger involved with their use."
23 <u>United States v. Gonzalez, Inc</u>., 412 F.3d 1102, 1112 (9th Cir.
24 2005) (citations and internal quotation marks omitted).  Here,
25 Judge Wilson did not abuse his discretion in finding that the
26 wiretaps were necessary.  Law enforcement employed multiple
27 strategies, including reviewing jail calls, obtaining a pen
28 register, conducting surveillance, and obtaining a mail cover.

Nonetheless, the agents determined that these methods could not achieve the full goals of the investigation, including the identification of all co-conspirators, and sought to intercept the communications of the target subjects. Such use of a federal wiretap was appropriate under the facts of this case.

5. With respect to defendant's motion concerning the delegation of monitoring to civilian contractors, 18 U.S.C. § 2518(5) specifically allows the use of contractors to monitor wire interception. The declaration of Task Force Officer Joe Fleming makes clear that the monitors in this case were sufficiently trained and supervised. The use of civilian monitors during this investigation thus complied with Section 2518(5) and governing law.

THEREFORE, FOR GOOD CAUSE SHOWN:

IT IS HEREBY ORDERED that defendant Wilfred Garcia's wiretap Motions are denied.

IT IS SO ORDERED.

 March 20, 2012    
DATE                          THE HONORABLE MANUEL REAL
                              UNITED STATES DISTRICT JUDGE

Presented by:

 /s/                
JUSTIN R. RHOADES
Assistant United States Attorney

2